UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Chad Kertesz | ) | CASE NO. 1:13 CV 1496 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| TD Auto Finance LLC | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon Defendant TD Auto Finance LLC's Motion for Summary Judgement (Doc. 12). This is a Fair Credit Reporting Act case. For the reasons that follow, defendant's motion is GRANTED.

### Facts

In July 2012, plaintiff, Chad Kertesz, wanted to buy a car from BM Motor Cars ("BM Motors"), a dealership in New Jersey.

The parties disagree about how the car was going to be paid for. Plaintiff avers that he told BM Motors he would procure financing from his own lender. (Doc. 14-1). Defendant, through an affidavit by a BM Motors employee, contends that plaintiff indicated in a

telephone call that he wanted to obtain financing through the dealership and gave verbal permission to BM Motors to pull his credit bureau report. (Doc. 12-1).  The parties agree that plaintiff furnished BM Motors with his full legal name, address, date of birth, and social security number via email.  Plaintiff indicates that the dealership advised him it required this information for the limited purpose of the purchase documents.  Defendant contends that this information was furnished to enable BM Motors to obtain financing for plaintiff.

Defendant, TD Auto Finance LLC ("TD Auto"), is an auto finance company. Defendant regularly receives consumer credit applications from dealerships, including BM Motors, through the online credit application network Dealertrack, Inc. ("Dealertrack").  On August 2, 2012, defendant received two credit applications from BM Motors on plaintiff's behalf through Dealertrack.  Defendant pulled plaintiff's credit report to determine whether plaintiff was qualified for financing.  Defendant then conditionally approved both credit applications to provide plaintiff with financing. (Doc. 12-2).

Plaintiff thereafter filed this suit alleging violations of the Fair Credit Reporting Act, claiming that defendant willfully or negligently and with no permissible purpose had pulled his credit report.  This matter is before the Court upon defendant's Motion for Summary Judgment (Doc. 12) which plaintiff opposes.

**Standard of Review**

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing

the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323.

A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325.  The moving party is not required to produce evidence showing the absence of a material fact on such issues, nor must the moving party support its motion with evidence negating the non-moving party's claim. *Id.; see also Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 885, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).  Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe

the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).

However, summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).

**Discussion**

The Fair Credit Reporting Act ("FCRA") was enacted to ensure fair and accurate credit reporting, to promote efficiency in banking, and to protect consumer privacy. *See* 15 U.S.C. § 1681. To establish a violation of the FCRA for obtaining a credit report without a legitimate business need, a plaintiff must prove that (1) there was a consumer report; (2) defendant used or obtained it; (3) defendant did so without a permissible statutory purpose; and (4) defendant was negligent or willful in so doing. *Phillips v. Grendahl,* 312 F.3d 357, 364 (8th Cir. 2002), *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007). Here, the issue before the Court is whether defendant had a permissible purpose to obtain plaintiff's credit report.

The FCRA sets forth certain permissible purposes for which a party may access a consumer's credit report. Specifically, access is permitted "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving

4

the extension of credit to . . . the consumer." 15 U.S.C. § 1681b(a)(3)(A).

Defendant argues that it had a permissible purpose—to provide plaintiff with financing for the car—for pulling his credit report.  To support its position, defendant provides an affidavit from Thomas G. Wilson, its Retail Credit Lending Manager.  Mr. Wilson indicates that defendant regularly receives consumer credit applications from automobile dealers through Dealertrack.  In the process of submitting an application to defendant, a dealer must acknowledge that it gave certain disclosures to the consumer, including that the dealer may obtain a credit report in connection with the transaction.  Mr. Wilson then avers that defendant received two properly submitted applications from BM Motors on plaintiff's behalf on August 2, 2012, and that defendant pulled plaintiff's credit report to determine if he was qualified for financing.  Mr. Wilson indicates that defendant conditionally approved both of the applications.

Plaintiff argues that there was no permissible purpose because he never requested financing from BM Motors so there was never a credit transaction contemplated which could give rise to one.[1]  Plaintiff objects that defendant has failed to submit the actual applications

---

[1]   1.   To counter defendant's permissible purposes argument, plaintiff provides the Court with an email exchange between himself and BM Motors. (Doc. 14-2).  Although plaintiff indicates that defendant was in possession of this email exchange, plaintiff's affidavit fails to substantiate this fact.  The Court will therefore not consider them.  Even if considered, the emails do not support plaintiff's argument.  Plaintiff contends that they show BM Motors knew that there was no credit transaction contemplated and plaintiff appears to argue that this knowledge vitiates defendant's permissible purpose.  However, they seem to support the opposite. The one email from the BM Motors employee to apparently another BM Motors employee reads: "Verbal permission was obtained over the phone and customer emailed me all his information to pull his credit . . . see below . . ." and then provides plaintiff's information. (ellipses in the

5

forwarded from BM Motors to defendant.

Upon review, the Court finds that there is no genuine issue of material fact that defendant had a permissible purpose in pulling plaintiff's credit report. The uncontroverted evidence, which Mr. Wilson's affidavit properly substantiates, is that defendant intended to use plaintiff's credit report to provide plaintiff with credit to purchase a vehicle. This is a permissible purpose.

There is simply no evidence that defendant intended to use plaintiff's credit report for any reason other than to offer him a loan, which is a permissible purpose. *See Wells v. Craig & Landreth Cars, Inc.*, 474 F. App'x 445, 447 (6th Cir. 2012) (affirming dismissal of complaint where lender intended to extend consumer credit although a credit application was filed without her permission by a car dealership); *Stergiopoulos and Castro v. First Midwest Bancorp, Inc.,* 427 F.3d 1043 (7th Cir. 2005) (granting defendant's summary judgment motion after finding that lenders had requested plaintiffs' credit reports for the sole purpose of determining whether to furnish plaintiff with credit); *Shepherd-Salgado v. Tyndall Fed. Credit Union*, CIV.A. 11-0427-WS-B, 2011 WL 5401993 (S.D. Ala. Nov. 7, 2011) (granting defendant's motion to dismiss after finding that the complaint made no allegation that defendant lenders had known that car dealer was unauthorized to send them plaintiff's credit information); *Enoch v. Dahle/Meyer Imports, L.L.C.*, 2:05-CV-409 TC, 2007 WL 4106264 (D. Utah Nov. 16, 2007) (granting summary judgement for lenders and finding a permissible purpose after lenders had sought plaintiff's credit report to check her creditworthiness after a loan application was forwarded without her permission).

---

original).

Because plaintiff has wholly failed to put forward any evidence that defendant lacked a permissible purpose in pulling his credit report, there is a complete failure of proof on an essential element of his case. Having found that defendant had a permissible purpose, summary judgment in defendant's favor is warranted. *Shepherd-Salgado v. Tyndall Fed. Credit Union,* CIV.A. 11-0427-WS-B, 2011 WL 5401993 (S.D. Ala. Nov. 7, 2011) (indicating that a negligent or willful violation of the FCRA requires the defendant to have acted without a permissible purpose); *Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 118 (E.D.N.Y. 1999) *aff'd,* 234 F.3d 1261 (2d Cir. 2000) (finding that a permissible purpose is a complete defense to willful FCRA violation under § 1681n).

**Conclusion**

For the reasons stated above, defendant's Motion for Summary Judgment (Doc. 12) is GRANTED. Judgment is entered in favor of defendant and the case is hereby DISMISSED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/25/14